## HOSKINS COAL & DOCK CORPORATION v. GREAT LAKES DREDGE & DOCK CO.

### No. 7117.

Circuit Court of Appeals, Seventh Circuit.

April 20, 1940.

Rehearing Denied June 15, 1940.

Robert Branand, Jr., and Arne B. Hummeland, both of Chicago, Ill., for appellant.

W. S. Oppenheim, Earle E. Ewins, and Edward S. Price, all of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from a judgment, based upon a verdict in plaintiff's favor, for damages to its dock caused by defendant's mooring thereto, its scow, in November, 1936. The principal error relied on is the failure of the District Court to allow defendant's motion for a directed verdict.

Plaintiff is the lessee of a dock which is located on the Ogden Slip in the Chicago River near the Outer Drive bridge. Defendant was engaged in construction work

on the bridge. It moored its scow to the dock, on or about November 14, 1936, and for the purpose of this decision it is admitted by the defendant that it was without right to so moor its scow, although it was customary for craft to use the plaintiff's dock, with plaintiff's knowledge and without objection on its part.

The evidence is in sharp conflict as to the condition of the dock at the time of the mooring in question. Defendant asserts that the dock's structure was then defective and bulged in one place, extending two or three feet out into the water, and defendant offered in evidence photographs taken before the time of the alleged injury, to substantiate its contention that the dock was then defective.

Plaintiff's evidence is to the effect that it had reconditioned the superstructure of the dock, immediately upon the execution of the lease, and had removed the soft fill of the dock and was replacing it with hard fill, consisting of brick-bats and asphalt. It had completed about 95% of this refill job and but two places, several feet long at the dock's edge, remained unfilled. They were awaiting asphalt debris from torn-up streets, to fill in the surface of the two holes which were about eighteen inches in depth. At these holes, the timbers were exposed, and it is plaintiff's theory of the case that defendant's men tied their scow to these unreinforced timbers and pulled them away from the dock structure. Thus was caused the damage complained of. There is no occasion to relate the extent of the damages as the amount awarded is not in dispute.

Defendant claims that its scow was tied, not to the exposed timber, but to "deadmen" located near the dock specifically for such purpose. There is evidence, however, which sustains plaintiff's theory as to the manner in which the scow was fastened to the dock and plaintiff's theory in this respect must be accepted for the purpose of this appeal.

Indulging in such assumption, a more serious question arises as to whether the manner in which the scow was fastened to the dock was the proximate cause of the damage complained of. Defendant contends that there is no substantial evidence in support of plaintiff's theory—that it is just as reasonable to conclude that the damages were occasioned from some other cause. We are not convinced, however,

that the jury was not justified in finding in favor of plaintiff's contention. Viewing the evidence most favorable to the plaintiff, as we are bound to do, it discloses that defendant's boat was 110 feet long; that the dock was bulged in two places at the points where the scow was fastened to the timbers of the dock. It is significant that this condition was discovered the morning following the day when the scow was thus fastened. Prior to that time, the dock was in normal condition. Defendant ridicules the idea that any force or power existed by which the scow could have produced such a situation. There was evidence, however, to the effect that the water in the Ogden Slip rises and 'falls like a tide (also referred to as a "surge" or "current"). On at least one other occasion this surge had been known to pull boats from their moorings and damage the dock to which they were fastened.

We conclude the cause was properly submitted to the jury and we would not be justified in disturbing the verdict. Therefore, the judgment is affirmed.